**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 8 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ULADZIMIR SLIUSAR, | No.   16-74019 |
| Petitioner, | Agency No. A098-534-453 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 19, 2018
San Francisco, California

Before:  BOGGS,** PAEZ, and OWENS, Circuit Judges.

Petitioner Uladzimir Sliusar came to the United States from Belarus and

requested asylum, withholding of removal, and Convention Against Torture

("CAT") protection. He claimed that as a member of a pro-democracy student

group, he was arrested and beaten for his activism. But, as the government

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

demonstrated at a subsequent hearing, Sliusar plagiarized four paragraphs of his application from other Belarusians' successful submissions.[1] An immigration judge found that Sliusar's asylum application was frivolous, denied his requests for relief, and ordered him removed. She apparently did so without considering documentary evidence—including two letters from fellow activists and hospital records—that corroborated much of his story.[2]

After years of unsuccessful motions and appeals, Sliusar hired new attorneys and filed a motion to reopen his case with the Board of Immigration Appeals ("BIA"). He alleged that his previous attorneys were ineffective because they had failed to raise our decision in *Al-Harbi v. INS*, 242 F.3d 882 (9th Cir. 2001). According to Sliusar, *Al-Harbi* required the immigration judge to consider his documentary evidence before ruling on his requests for withholding of removal and CAT protection. The BIA denied his motion to reopen, and he petitioned this court for review. We grant Sliusar's petition, vacate the BIA's decision, and remand to the BIA to exercise its discretionary authority under the correct legal framework.

---

[1] Years later, Sliusar also admitted to lying about who helped him prepare his application and to fabricating a beating by a KGB agent that he claimed to have suffered in the rector's office at his university.

[2] The immigration judge listed these documents, which were admitted as exhibits at the hearing, in a "Summary of the Evidence" in her written decision, but she did not refer to them in her "Analysis and Findings."

When the BIA denies *sua sponte* a motion to reopen, we have jurisdiction "for the limited purpose of reviewing the reasoning behind the decision[ ] for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). We "review purely legal questions de novo." *Id.* at 581.

The BIA based its decision on two legal errors. First, it held that *Al-Harbi* does not apply to Sliusar's case, so his prior attorneys were not ineffective for failing to raise it. We disagree. In *Al-Harbi*, we held that an immigration judge must decide whether "substantial, non-testimonial, evidence in the record" supports a claim for asylum or withholding of removal—even if she deems the applicant's testimony not to be credible. 242 F.3d at 894. The same requirement applies to claims for relief under CAT. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001) (vacating denial of motion to reopen "where the BIA has plainly overrelied on its prior adverse credibility finding against [the petitioner] and failed to consider evidence of the relevant country conditions in the record.").

The BIA found *Al-Harbi* inapplicable to this case for two reasons, neither of which persuades us.[3] First, it held that *Al-Harbi* does not extend to cases where an

---

[3] The government suggests a third distinction: that *Al-Harbi* applies only to claims of persecution based solely on membership in a particular targeted group, where the applicant's actual or imputed membership in that group is uncontested. We cannot consider this argument because the BIA did not make it. *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency. If we conclude that the

immigration judge finds an asylum application to be frivolous.[4] No authority supports this conclusion,[5] and it is inconsistent with the statutory and regulatory scheme for frivolous asylum applications. While a person who files a frivolous asylum application cannot receive any form of legal status under the Immigration and Nationality Act ("INA"), he remains eligible for withholding of removal, *see* 8 C.F.R. § 1208.20, and protection under CAT (which is not part of the INA). *Edu v. Holder*, 624 F.3d 1137, 1144 (9th Cir. 2010). Thus, there must be some way that the filer of a frivolous asylum application can seek relief through withholding of removal or under CAT. The scheme only makes sense if the immigration judge must consider the entire record, not just the applicant's fabricated testimony, and determine whether independent evidence still warrants non-INA relief.

The BIA also found *Al-Harbi* inapplicable because Sliusar relied on documents different in kind than those in *Al-Harbi*. But *Al-Harbi* did not turn on the type of documentary evidence presented. While the petitioner there happened to rely on newspaper articles and State Department reports, 242 F.3d at 891, the

---

BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case.").

[4] A frivolous asylum application has a "material element[ ]" that "is deliberately fabricated." 8 C.F.R. § 1208.20. Filing such an application makes an alien "permanently ineligible for any benefits under" the INA. 8 U.S.C. § 1158(d)(6).

[5] The BIA cited only *Matter of Y-L-*, 24 I. & N. Dec. 151 (BIA 2007). This decision set out four "procedural safeguards" an immigration judge must follow before finding an asylum application to be frivolous. *Id.* at 155. It does not mention *Al-Harbi*.

core question was whether "substantial, non-testimonial, evidence in the record" supported his claim. *Id.* at 894. We explained that "documentary evidence pertaining to the asylum applicant himself and to the events in which he was involved" can support a claim for relief, and we added that both "[b]ackground materials" about country conditions and "specific documentary material" about the applicant are relevant. *Id.* at 891. Sliusar submitted both kinds of evidence.

Thus, *Al-Harbi* applies to this case. An immigration judge must consider all of the documentary evidence in the record, regardless of its type, before ruling on requests for withholding of removal and CAT protection—even if she finds a related asylum application to be frivolous.

The BIA's second legal error is its holding that Sliusar did not file his motion to reopen with due diligence. Sliusar attached an affidavit to his motion.[6] In it, he stated that he first learned about *Al-Harbi* on April 26, 2016, after he hired his current lawyers and they reviewed his case. On July 25, 2016—90 days after he learned about *Al-Harbi*—he filed his motion to reopen. "Typically, an alien is diligent if he continues to pursue relief and relies on the advice of counsel as to the means of obtaining that relief." *Avagyan v. Holder*, 646 F.3d 672, 679, 683 (9th

---

[6] "The BIA was under an affirmative obligation to accept as true the facts stated in [the petitioner's] affidavit in ruling upon his motion to reopen unless it [found] those facts to be inherently unbelievable." *Ghahremani v. Gonzales*, 498 F.3d 993, 999 (9th Cir. 2007) (internal quotation marks omitted).

Cir. 2011) (holding that petitioner was diligent for filing a motion to reopen within 90 days of reviewing her immigration file with competent counsel). The BIA gave no reason to deviate from this default rule, to doubt Sliusar's affidavit, or to think he should have discovered *Al-Harbi* earlier. Thus, on the current administrative record, he acted with due diligence in raising his *Al-Harbi*-based ineffective-assistance claim.[7]

For these reasons, we **GRANT** Sliusar's petition for review, **VACATE** the BIA's denial of his motion to reopen, and **REMAND** to the BIA "to exercise its discretion against the correct legal framework." *Bonilla*, 840 F.3d at 592.

---

[7] Sliusar also claims that his prior attorneys were ineffective for failing to introduce more documentary evidence and call more witnesses. The BIA seemed to treat this as an independent ineffective-assistance argument that was not raised with due diligence, while Sliusar's briefs frame it as a corollary to his *Al-Harbi* claim. We need not resolve this issue, but the BIA should consider it on remand in light of a legally correct interpretation of *Al-Harbi*. We also decline to reach Sliusar's argument that the BIA articulated the wrong standard of eligibility for withholding of removal and CAT relief, because the BIA did not address the merits of his claims.

16-74019